In Special Term—GHOLSON, J. presiding.

### SLEEPER *vs.* SLEEPER et al.

It is not proper practice for the attorney for plaintiff, to acknowledge service of process for the defendant, and thereby bring him into Court. And the Court in such case will refuse to enter up judgment.

GHOLSON, J.

This case has been submitted to me with the view of obtaining a judgment for the sale of mortgaged property. It is proposed to take the judgment on the consent of the parties defendant represented by counsel, and on default as to those not so represented. I have not the least doubt that the debts are due as stated in the judgment proposed to be entered, and that the property should be sold for their payment; and I have entire confidence in the learned counsel who has submitted the papers. The proceeding, I am satisfied, is going on with the best intentions and with the approbation of those most interested, and it is with regret that I feel compelled to interpose any delay.

But there is an objection to the mode adopted to bring the parties before the Court, which if overlooked in a case in which, I am able to say with most perfect candor what has been said, might create a difficulty in some other case.

The Code provides, § 55, that "a civil action must be commenced by filing in the office of the clerk of the proper court a petition, and causing a summons to be issued thereon." According to § 61, the service of a summons can only be made by the officer to whom it is directed, or by some person not a party to the action, appointed by such officer, which appointment must be endorsed on the writ. By § 62 the manner of actual service is prescribed. Section 65 is as follows: "An acknowledgment on the back of the summons, or the voluntary appearance of a defendant, is equivalent to service."

As the papers in this case have been presented to me, it appears that the attorneys for the plaintiff, who is a mortgagee seeking a sale of the mortgaged property, issue the summons and then acknowledge its service as attorneys for the mortgagor, and several others named as defendants. To this mode of bringing the parties into Court I cannot assent, though fully satisfied that no wrong or injury will result in this particular case.

A learned English Judge once laid down the rule that in no case whatever should a solicitor act for plaintiff and defendant. But Lord Langdale, referring to that rule very justly observed, "that it could not be enforced, for the solicitor had the power of resorting to the expedient of acting by another solicitor nominated by himself. Experience of this," &c. He said on the same occasion, "There have been instances," &c. 29 *Eng. Ch. R.* 451.

In a note to Moulton's Chancery Practice this matter is referred to, and some very correct observations to the same purport are made.

These authorities doubtless show, that there are cases in which it may be proper for the same solicitor to represent interests apparently adverse; but surely it would be going too far to allow the practice except where the parties have been brought before the Court by a service of process in the ordinary mode. I have been able to find no instance in which the solicitor for a plaintiff has been allowed to acknowledge service of process, or enter an appearance for an adverse party. Unless some authority can be shown to sustain such a practice, I am unwilling to see it adopted; and must therefore decline to enter the judgment in the present case, until the objection I have referred to shall be obviated.

*N. B.*—This objection was subsequently obviated by the attorney producing a power of attorney authorizing him to act in the premises.